**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MindSight Medical LLC,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Mobile One Docs LLC,<br><br>　　　　　Defendant. | No. CV-25-02212-PHX-DGC<br><br>**ORDER** |

Plaintiff MindSight Medical, LLC, has filed a motion for default judgment against Defendant Mobile One Docs, LLC, pursuant to Federal Rule of Civil Procedure 55(b). Doc. 11. No response has been filed. For reasons stated below, default judgment is inappropriate at this time.

**I.   Background.**

Plaintiff Mindsight Medical, LLC, is a limited liability company with its principal office in Dallas County, Texas. Doc. 1 ¶ 1. Defendant Mobile One Docs, LLC, is a limited liability company with its principal place of business in Arizona. *Id.* ¶ 2. Around May 10, 2021, the parties entered a Product Purchase Agreement through which Defendant agreed to purchase certain products from Plaintiff and make payment for each order within 45 days of each generated invoice. *Id.* ¶ 4-6. Defendant allegedly submitted orders and received delivery of products, but failed to make any payment. *Id.* ¶ 8. Plaintiff alleges an outstanding account balance of $380,960.00 that Defendant has "refused to pay," despite Plaintiff sending a demand letter on September 22, 2022. *Id.* ¶¶ 9-10.

On June 25, 2025, Plaintiff brought this lawsuit, claiming diversity jurisdiction. *Id.* ¶¶ 1-3. Defendant failed to respond, and Plaintiff secured entry of default by the clerk on September 3, 2025. Docs. 9-10. Plaintiff now moves for default judgment. Doc. 11.

**II.  Default Judgment.**

After default is entered by the clerk, the district court may enter default judgment pursuant to Federal Rule of Civil Procedure 55(b). "When entry of judgment is sought against a party who has failed to plead or otherwise defend," such as here, "a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). Only after finding such jurisdictional prerequisites are satisfied can the Court turn to the relevant factors as enumerated in *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986).

Plaintiff alleges diversity jurisdiction. *Id.* ¶ 3. For purposes of such jurisdiction, "a limited liability company 'is a citizen of every state of which its owners/members are citizens.'" *3123 SMB LLC v. Horn*, 880 F.3d 461, 465 (9th Cir. 2018) (quoting *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006)). While Plaintiff provides the citizenship of each member of its parent company, EPSFL, LLC, it fails to account for the citizenship of its remaining members or verify no other member exists. Doc. 7 at 2.[1] Nor does Plaintiff provide any information about the citizenship of Defendant's members.[2] The Court cannot conclude diversity jurisdiction exists and summarily denies Plaintiff's motion for default judgment. Plaintiff may re-file its motion for default judgment and include a showing of diversity jurisdiction.

**IT IS ORDERED** that Plaintiff's motion for default judgment (Doc. 11) is **denied**.

Dated this 22nd day of October, 2025.

David G. Campbell
Senior United States District Judge

---

[1] Plaintiff states "EPSFL, LLC is the parent company of [Plaintiff], owning 10% or more of [Plaintiff's] outstanding equity." *Id.* It is unclear whether Plaintiff has other members beyond EPSFL, LLC.

[2] Plaintiff only states that "[Defendant's] members were as follows: Lisa Ball aka Lisa Swansen." Doc. 1 ¶ 2.