**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MindSight Medical LLC, | No. CV-25-02212-PHX-DGC |
| Plaintiff, | **ORDER AND DEFAULT JUDGMENT** |
| v. | |
| Mobile One Docs LLC, | |
| Defendant. | |

Plaintiff MindSight Medical, LLC, has filed an amended motion for default judgment against Defendant Mobile One Docs, LLC, pursuant to Federal Rule of Civil Procedure 55(b).  Doc. 13.  No response has been filed.  For reasons stated below, Plaintiff's motion will be granted.

## I.    Background.

Around May 10, 2021, Plaintiff Mindsight Medical, LLC, and Defendant Mobile One Docs, LLC, entered a Product Purchase Agreement through which Defendant agreed to purchase certain products from Plaintiff and make payment for each order within 45 days of each generated invoice.  Doc. 1 ¶ 4-6.  Defendant submitted orders and received delivery of products, but failed to make any payment.  *Id.* ¶ 8.  Plaintiff alleges an outstanding account balance of $380,960 that Defendant has "refused to pay," despite Plaintiff sending a demand letter on September 22, 2022 and subsequently initiating this lawsuit.  *Id.* ¶¶ 9-10.

On June 25, 2025, Plaintiff brought this lawsuit under diversity jurisdiction. *Id.* ¶¶ 1-3. Defendant failed to respond and Plaintiff secured entry of default by the clerk on September 3, 2025. Docs. 9, 10. Plaintiff moved for default judgment (Doc. 11), but this Court dismissed the motion because Plaintiff had not shown the parties were diverse for purposes of jurisdiction. Doc. 12. Plaintiff filed the current motion to show the parties are diverse and again move for default judgment. Doc. 13.

## II. Diversity Jurisdiction.

"When entry of judgment is sought against a party who has failed to plead or otherwise defend," such as here, "a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). For purposes of diversity jurisdiction, "a limited liability company 'is a citizen of every state of which its owners/members are citizens.'" *3123 SMB LLC v. Horn*, 880 F.3d 461, 465 (9th Cir. 2018) (quoting *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006)).

Plaintiff Mindsight Medical, LLC, is a limited liability company organized under the laws of Delaware with its principal place of business in Dallas County, Texas. Doc. 13 at 3. It is comprised of one member, EPSFL, LLC. *Id.* at 3-4. "Plaintiff has no other members beyond EPSFL, LLC[.]" *Id.* at 4. EPSFL, LLC is comprised of five members who are citizens of Delaware, Georgia, and Texas. *Id.*; Doc. 7 at 2.

Defendant Mobile One Docs, LLC, is a limited liability company organized under the laws of Arizona with its principal place of business in Arizona. Docs. 13 at 4, 13-1 at 7. It is comprised of one member, Lisa Ball (aka Lisa Swansen), who is shown by public records to be a citizen of Arizona. *See* Doc. 13-1 at 10, 12-13, 15-16.

On this record, the Court is satisfied that the parties are diverse for purposes of diversity jurisdiction.

## III. Default Judgment.

Plaintiff moves for entry of default judgment. Fed. R. Civ. P. 55(b). "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v.*

- 2 -

*Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). This Court is not required to make detailed findings of fact, *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002), and it may consider the following factors: (1) the possibility of prejudice to the plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of factual disputes, (6) whether default is due to excusable neglect, and (7) the policy favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

### A.    Possibility of Prejudice to Plaintiff.

Defendant did not respond to Plaintiff's demand letter or this lawsuit. Doc. 13 at 3. When a defendant wholly fails to respond to litigation, it leaves the plaintiff without recourse. *See, e.g.*, *United States v. Stephens*, No. 18-CV-04947-LB, 2019 WL 2180222, at *3 (N.D. Cal. Mar. 7, 2019), *report and recommendation adopted*, No. 18-CV-04947-VC, 2019 WL 2180214 (N.D. Cal. Apr. 3, 2019). This factor favors default judgment.

### B.    Merits of the Claim and Sufficiency of the Complaint.

These factors are resolved by deciding "whether the allegations in the complaint are sufficient to state a claim on which the [plaintiff] may recover[.]" *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). The general rule is that well-pled allegations in the complaint regarding liability are deemed true. *Fair Hous. of Marin*, 285 F.3d at 906.

Plaintiff pleads a claim for breach of contract. Texas law governs the dispute. Docs. 1 ¶ 7, 1-1 at 6. Under Texas law, "[b]reach of contract requires pleading and proof that (1) a valid contract exists; (2) the plaintiff performed or tendered performance as contractually required; (3) the defendant breached the contract by failing to perform or tender performance as contractually required; and (4) the plaintiff sustained damages due to the breach." *Pathfinder Oil & Gas, Inc. v. Great W. Drilling, Ltd.*, 574 S.W.3d 882, 890 (Tex. 2019).

Plaintiff's complaint alleges the parties entered a Product Purchase Agreement on or about May 10, 2021. Doc. 1 ¶ 4. A copy of the Agreement signed by the parties is attached to the complaint. Doc. 1-1. Defendant agreed to purchase certain products from

Plaintiff and to pay for those products within 45 days of the date of an invoice produced when an order is placed.  Docs. 1 ¶¶ 5-6, 1-1 at 4.  Plaintiff tendered products to Defendant accompanied by invoices reflecting the balance owed, but Defendant never paid Plaintiff the outstanding balance of $380,960.  Docs. 1 ¶¶ 8-9, 1-2 at 6 (copy of a Statement of Account reflecting the balance owed).

Taking these factual allegations as true, Plaintiff has sufficiently pled a claim for breach of contract on which it can recover.  *See Danning*, 572 F.2d at 1388.  These factors favor default judgment.

### C.    Amount of Money at Stake.

"When the money is substantial or unreasonable, default-judgment is discouraged. When the sum of money at stake is tailored to the specific misconduct of the defendant, default judgment may be appropriate."  *Stephens*, 2019 WL 2180222, at *4 (citing *Eitel*, 782 F.2d at 1472; *Bd. of Trs. of the Sheet Metal Workers Health Care Plan of N. Cal. v. Superhall Mech., Inc.*, No. C-10-2212 EMC, 2011 WL 2600898, at *203 (N.D. Cal. June 20, 2011)) (citations omitted).

Plaintiff seeks damages of $380,960.  Docs. 1 ¶ 15, 13 at 9.  This sum is significant, but it is the amount owed under the contract as reflected by the Statement of Account attached to the complaint.  *See* Doc. 1-2 at 6.  This sum is reasonable because it will compensate Plaintiff for the damages caused by Defendant's breach of contract.  *See Stephens*, 2019 WL 2180222, at *4.

Plaintiff also seeks $1,038.97 in court costs, and an unclear amount in attorneys' fees – Plaintiff's motion requests contradicting sums of $24,500 and $16,000.  Docs. 13 at 2, 9, 13-1 at 4.  The Court resolves this matter in the damages section below.  For purposes of this *Eitel* factor, even the highest sum of $24,500 is not unreasonable because the fees were caused by Defendant's breach of contract.  The breach required Plaintiff to hire legal counsel in 2022 (Doc. 1-3), and resulted in at least 85 hours of legal services being performed in this litigation.  Doc. 13-1 at 2.  This factor favors default judgment.

/ / /

### D.    Possibility of Factual Disputes.

Defendant has had numerous opportunities to dispute the facts alleged by Plaintiff. *See* Docs. 1, 9, 11, 13.  Yet, Defendant has at no point responded to this litigation or appeared to dispute the facts.  Doc. 13 at 3.  On this record, the Court cannot reasonably find the possibility of a factual dispute.  This factor favors default judgment.

### E.    Whether Default Was Due to Excusable Neglect.

Defendant was aware of Plaintiff's allegations through the demand letter sent by Plaintiff on September 22, 2022.  Docs. 1 ¶ 10, 1-3.  Defendant was served with process on July 16, 2025.  Doc. 8.  Plaintiff also sent Defendant, by certified mail, copies of its request for entry of default and the entry of default. Doc. 13-1 at 4.  Defendant's failure to respond does not support finding excusable neglect.  This factor favors default judgment.

### F.    Policy Favoring Decisions on the Merits.

"[D]efault judgments are ordinarily disfavored.  Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472.  But in cases such as this one, where Defendant has failed to respond to the litigation, deciding the merits is not "reasonably possible." *See id.* This factor favors default judgment.

In summary, all factors support default judgment.  The Court will grant Plaintiff's motion and award damages as discussed below.

## IV.    Damages.

Factual allegations of the complaint relating to damages are not taken as true. *See Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).  Rather, there must be some evidence on the record in support of the damages sought. *See Avila v. JBL Cleaning Servs. LLC*, No. CV-23-00398-PHX-DJH, 2024 WL 863710, at *5 (D. Ariz. Feb. 29, 2024).

The Court may enter default judgment "without a hearing on damages when the amount claimed is capable of ascertainment from the documentary evidence or a detailed declaration." *Gerow v. Falcone*, No. CV-23-01059-PHX-DGC, 2026 WL 1450021, at *2 (D. Ariz. May 21, 2026) (citation omitted); *cf. Santiago v. Tamarack Tree Co.*, No. CV-06-1811-HU, 2007 WL 3171159, at *1 (D. Or. July 13, 2007).

The Statement of Account attached to the complaint provides a detailed record of the outstanding balance owed – $380,960 – for products Plaintiff tendered to Defendant under the Agreement. *See* Doc. 1-2. The Court will award Plaintiff $380,960 in compensatory damages.

Plaintiff's request for attorneys' fees and court costs (Doc. 13 at 2, 9)[1] is supported by the declaration of Randall J. Poelma, Plaintiff's lead counsel. Doc. 13-1. In its motion, Plaintiff requests different sums of attorneys' fees. *Compare* Doc. 13 at 2 (seeking "attorney's fees in the amount of $24,500.00"), *with id.* at 9 (seeking "attorneys' fees in the amount of $16,000.00"). Poelma's declaration is silent on the figure of $16,000. Instead, Poelma attests that "a reasonable attorneys' fee for Plaintiff in this case is $24,500.00." Doc. 13-1 at 4. Poelma's declaration supports an award of $24,500 in attorneys' fees.

The Court declines, however, to award the $5,000 in future attorneys' fees for services anticipated by Poelma. *Id.* at 3 ("Anticipated reasonable attorneys' fees for such services amount to $5,000.00."). That sum is speculative and based in large part on the assumption that a default judgment hearing will be held. *Id.* at 2.

The $24,500 attorneys' fees supported by Poelma's declaration accounted for the $5,000 in anticipated attorneys' fees that this Court declines to award. *Id.* at 4 ("[T]aking into account the anticipated attorneys' fees . . . , it is my opinion that a reasonable attorneys' fee for Plaintiff in this case is $24,500.00."). The Court will deduct the $5,000 in anticipated attorneys' fees from the $24,500 attorneys' fees.

Poelma attests that more than 85 hours in legal services were performed in this case. *Id.* at 2. After deducting the $5,000 in anticipated attorneys' fees, the Court calculates reasonable attorneys' fees of $19,500, which reflects a $229.41 per hour fee for 85 hours

---

[1] In its complaint, Plaintiff also requests damages for ""prejudgment and post judgment interest, . . . and all other relief to which it may be justly entitled." Doc. 1 ¶ 16. Because Plaintiff has not requested prejudgment or post judgment interest in its motion for default judgment, and offers no calculated sums for such damages, the Court awards no interest. The Court also finds Plaintiff is not entitled to other relief beyond the damages discussed above.

of legal services performed.  The Court in its discretion will award Plaintiff $19,500 in attorneys' fees.[2]

Plaintiff seeks to recover $1,038.97 in court costs.  Doc. 13 at 9.  That sum is itemized in the declaration of Poelma, who attests to "[c]ourt filing fees of $405.00," and "[s]ervice of process fees in the amount of $633.97."  Doc. 13-1 at 4.  The Court will award these costs.

Defendant LLC's only member, Lisa Swansen, filed a petition for Chapter 13 bankruptcy in her personal capacity on March 29, 2024.  *Id.* at 15-21.  That Bankruptcy case was closed on February 18, 2026.  Doc. 108 (Case No. 2:24-bk-02407-DPC).  In any event, that case when active would have operated as an automatic stay of any actions only against Swansen.  11 U.S.C. § 362.  The only named defendant in this lawsuit is Defendant Mobile One Docs, LLC.  Doc. 1.  Thus, Swansen filing for personal bankruptcy does not affect this litigation.

**IT IS ORDERED:**

1.    Plaintiff MindSight Medical, LLC's motion for default judgment against Defendant Mobile One Docs, LLC (Doc. 13) is **granted**.

2.    Default judgment is entered in favor of Plaintiff MindSight Medical, LLC and against Defendant Mobile One Docs, LLC in the amount of **$380,960** in compensatory damages.

3.    Plaintiff MindSight Medical, LLC is awarded attorneys' fees in the amount of **$19,500**, and court costs in the amount of **$1,038.97**.

/ / /

/ / /

/ / /

[2] This Court in its discretion will grant the award of attorneys' fees on this motion for default judgment, rather than requiring Plaintiff to file a post-judgment motion for attorneys' fees, given Defendant has never responded to or appeared in this litigation, and requiring Plaintiff to file a subsequent motion would cause unnecessary expense. *See Bank of Am., N.A. v. Carver*, No. CV-24-08002-PCT-DGC, 2024 WL 4566689, at *2 & n.1 (D. Ariz. Oct. 24, 2024).

4.      The Clerk is directed to terminate this action.

Dated this 16th day of June, 2026.

David G. Campbell
Senior United States District Judge